**FILED**

MAR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERTIN N. NOUTCHANG,<br>3013 Calverton Blvd<br>Silver Spring, MD 20904<br>　　　　　Petitioner,<br><br>V.<br><br>Michael Chertoff, Secretary,<br>Department of Homeland Security<br>Washington, D.C. 20528;<br><br>Emilio Gonzales, Director<br>U.S. Citizenship and Immigration Services<br>425 I Street, NW<br>Washington, D.C 20536;　　and<br><br>Richard Caterisano, District Director,<br>U.S. Citizenship and Immigration Services;<br>31 Hopkins Plaza<br>Baltimore, MD 21201<br>　　　　　Respondents | )<br>)<br>)<br>)<br>Case: 1:07-cv-00576<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 3/23/2007<br>Description: NOUTCHANG v. CHERTOFF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE ORDER AND SUPPORTING MEMORANDUM

### JURISDICTION AND VENUE

1. This action arises under the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 *et seq.*

2. Venue lies in the United States District Court for the District of Columbia, the judicial district in which Secretary of the Department of Homeland Security, governing agency of respondent U.S. Citizenship and Immigration Services, and U.S. Citizenship and Immigration Services, governing agency of District Director Richard Caterisano reside. 28 U.S.C. §1391(e).

## PROCEDURAL HISTORY

On March 20, 2006, Petitioner Bertin N. Noutchang, through counsel, filed a COMPLAINT FOR JUDICIAL REVIEW OF ADMINISTRATIVE ORDER. Mr. Noutchang petitioned this Court for a review of the adverse decision of Respondent, U.S. Citizenship and Immigration Services on his application to Respondent for naturalization pursuant to Title 8 code of Federal Regulations section 336.9. On December 20, 2006, Respondents' counsel filed a motion to dismiss alleging that summons had not been served on the U.S. Attorney. Subsequently, Mr. Noutchang's complaint was dismissed without prejudice.

## STATEMENT OF FACTS

Petitioner, Bertin N. Noutchang, petitions the court for a review of the adverse decision of respondent, U.S. Citizenship and Immigration Services on petitioner's application to respondent for naturalization, as provided in Title 8 Code of Federal Regulations section 336.9. Petitioner has exhausted those administrative remedies available to the applicant under 8 United States Code section 1447 and alleges as follows:

On May 2, 1998 the petitioner filed an application for naturalization with the respondent Citizenship and Immigration Service, which was denied on July 14, 1999. The respondent, U.S. Citizenship and Immigration Service determined that the petitioner lacked good moral character as he failed to disclose, on his May 2 1998 application, an arrest that occurred on January 7, 1996, which resulted in a charge of "assault and battery." The respondent further determined that such failure to disclose constituted false testimony in order to obtain an immigration benefit. The petitioner timely filed a Request for Hearing on a Decision in Naturalization Proceedings pursuant to Section 336 of the Act (N-336 hearing). Petitioner was interviewed by an Immigration Officer on November 12, 1999. At the hearing, the petitioner argued that he was never charged, prosecuted or convicted of "assault

and battery", as a result of the domestic altercation occurring on 7 January 1996. Additionally, the petitioner presented a court disposition of an arrest stemming from a domestic altercation on 7 January 1996, which resulted in a charge of battery that was never prosecuted. The petitioner further argued that his failure to disclose the arrest was a misunderstanding of the question, harmless error and immaterial. However, on January 3, 2000, the reviewing officer affirmed the initial denial.

On March 1, 2004 Mr. Noutchang reapplied for naturalization and acknowledged in his application that he was arrested for a domestic altercation in 1996. He was interviewed on July 27, 2004 and again the petitioner's application for naturalization was denied. The respondent, U.S. Citizenship and Immigration Services, in its October 14, 2004 decision, determined that Mr. Noutchang lacked good moral character because he failed to disclose on his March 1, 2004 application that he gave false and misleading information to a U.S. government official on his prior naturalization application filed May 2, 1998, when he omitted the 1996 arrest. The respondent also indicated that Mr. Noutchang was barred from naturalization as he was ineligible to reapply for naturalization until July 14, 2004 and the March 1, 2004 application for naturalization was filed prior to his eligibility date. The petitioner timely filed a Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Immigration and Nationality Act. Petitioner was interviewed by an Immigration Officer on January 31, 2005. At the hearing, the petitioner argued that a misunderstanding is insufficient to deny citizenship for lack of good moral character and there must be a subjective intent to deceive. The petitioner further argued that the respondent, U.S. Citizenship and Immigration Services, had waived the bar when they failed to reject the March 1, 2004 application, scheduled Mr. Noutchang for examination of the application for naturalization on July 27, 2004, and also set the case for an N-336 hearing on January 31,

2005. Following the N-336 hearing, on November 21, 2005, the Immigration Officer affirmed the denial of the March 1, 2004 application.

## ARGUMENT

I.   **Good Moral Character.**

Relief is sought on the ground that respondents' adverse decision is inequitable, an abuse of discretion, and based on errors of law. It is well established through case law that a denial of citizenship based on false or misleading testimony under INA §§ 101(f)(6), 316(a) and 8 U.S.C. § 1101(f)(6) must be accompanied by a subjective intent to deceive for the purpose of obtaining citizenship or other benefits. In Kungys v. United States, 485 US 759, 99 L. Ed 839, 108 S. Ct 1537, the Supreme Court opined that a lack of good moral character appears whenever there is a subjective intent to deceive, The Kungys Court indicated that only falsity in an effort to lie or deceive is grounds to deny citizenship for lack of good moral character.

In Krystyna Plewa v. INS, 77 F. Supp 905, the district court relied on the Kungys opinion in its holding that "false testimony coupled with an intent to deceive for the purpose of obtaining citizenship or other benefits is required in order to deny a citizenship application under 8 USC § 1101(f)(6)." In Plewa v. INS, the plaintiff was denied citizenship when she was found to lack good moral character because she denied being arrested. In this case, the plaintiff's naturalization application was prepared with the assistance of an immigration counselor from the Polish Welfare Association. The immigration counselor assisted by asking the plaintiff questions and noting the responses on the application. When the plaintiff was asked "Have you ever been arrested .....?, the plaintiff explained that she had, but when she appeared in court the charges were dropped and her lawyer informed her that everything was ok. The immigration counselor told the

plaintiff that she was not required to disclose that arrest to the INS. At the initial naturalization examination the District Adjudication Officer reviewed every question on the application and Mrs Plewa denied ever being arrested. As a result of her failure to disclose the arrest, Mrs. Plewa's application for citizenship was denied on the grounds of a lack of good moral character based on false testimony. The Plewa court found that the plaintiff was wrongly advised to deny that she had been arrested and, even though the statements given by Mrs. Plewa were not true she was not motivated with the subjective intent of deceiving the INS. The court further found that the plaintiff believed that since the charges were dismissed her answers were correct because she had been advised so. The Plewa court determined that Mrs. Plewa was a person of good moral character and that she did not give false information with the intent of deceiving the INS to obtain benefits under the Act.

  The essence of the Kungys opinion and the Plewa holding is that 8 U.S.C.§ 1101(f)(6) and its corresponding laws and regulations designates a person to be of bad moral character when the individual has given false testimony in the form of the most immaterial of lies, dishonesty, or deception with the subjective intent of obtaining an immigration benefit. (See Lee v. United States, 480 F. 2d 673 (2d Cir. 1973) (the fact that petitioner was seeking the privilege of citizenship and in doing so knowingly provided the Service with material misinformation, the district court could properly conclude, despite petitioners testimony to the contrary, that petitioner had the necessary intent); In re Haniatakis, 376 F.2d 728 (3d Cir. 1967) (one who gives false testimony to deceive the government is by that fact unworthy of the privileges of citizenship)).

Mr. Noutchang's situation can be likened to the Kungys opinion and the Plewa holding because Mr. Noutchang did not have the subjective intent of deceiving the US CIS to obtain an immigration benefit. The dictionary defines the word deceive as "to make a person believe what is not true; to mislead. It also defines the word lie as "a false statement made with the intent to deceive". When Mr. Noutchang was asked, during his interview on July 27, 2004, question 23 "Have you ever given false or misleading information .....?", he was not motivated with the subjective intent of deceiving the examining officer. He simply did not understand the question to refer to the initial application of May 2, 1998. Although, US CIS determined that Mr. Toutchanag's responses on his first application filed in 1998 and the resulting interview as false testimony determinative of a lack of good moral character, Mr. Noutchang never truly understood his omission of his arrest in 1996 to be an act of deception or false testimony. Mr. Noutchang viewed it as an oversight and misunderstanding. The arrest incident was something he put in the recesses of his mind mainly because, the charges were dismissed. So, when the examiner recited question 23, there was never a meeting of the minds between Mr. Noutchang and the examiner as to the definition of false or misleading testimony.

Furthermore, it was an impossibility for Mr. Noutchang to have a subjective intent to deceive US CIS in his response to question 23 on July 27, 2004 because the facts of the initial application filed in May 2, 1998 were a matter of record, in which both parties knew the facts of that initial application were a matter of record. It was impossible for Mr. Noutchang to mislead the examiner or make the examiner believe what was not true because Mr. Noutchang knew that the facts and circumstances of the prior filing were

contained in his immigration file. Mr. Noutchang misunderstood what was being asked and he never understood that his prior omission was false or misleading testimony. When dealing with an individual whose first language is not English, a mere recitation of the questions and responses on the application is insufficient to determine understanding or false testimony. Many times a more in depth inquiry may be necessary to ascertain true understanding or full disclosure

Basically, false testimony due to a misunderstanding or incorrect advice is insufficient to deny citizenship for lack of good moral character. There must be intent to deceive the examination officer in order to gain citizenship and it was not Mr. Noutchang's intent to deceive the immigration officer.

## II.    Equitable Estoppel

The doctrine of equitable estoppel is applicable against the respondents. Equitable estoppel may be invoked "where there is a showing of some type of 'affirmative misconduct' by a government agent." *Schweiker v. Hansen*, 450 U.S. 785, 788-90, 101 S.Ct. 1468, 1470-72, 67 L.Ed.2d 685 (1981). The respondent never informed Mr. Noutchang that he was barred from reapplying for naturalization until July 14, 2004. The respondent's denial letter dated January 3, 2000 never mentioned that the petitioner was not eligible to reapply for naturalization until July 14, 2004. The October 14, 2004 denial letter informed Mr. Noutchang of the July 14, 2004 eligibility date citing Section 316(a) of the Immigration and Nationality Act.

Section 316 of the Immigration and Nationality Act provides:

> (a) Residence. no person, except as otherwise provided in this title, shall be naturalized, unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United Sates for at least five years and during the five years immediately

preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

The original application was filed by Mr. Noutchang on May 2, 1998. Respondent alleges that the petitioner failed to establish good moral character by omitting from the May 2, 1998 application the January 7, 1996 arrest and resulting charge of battery. The controlling date here is May 2, 1998, the date the omission occurred. Based on Section 316, Mr. Noutchang met the five year requirement with his application that was filed on March 1, 2004, which was more than five years from the May 2, 1998 omission. Moreover, the fact that the respondent failed to reject the March 1, 2004 application, accepted the required fees, for both the initial examination and the N-336 hearing, and entertained the application with an initial examination and an N-336 hearing effectively waives any bar the respondent is now claiming. The respondent erroneously failed to advise petitioner the he was ineligible to reapply for until 14 July 2004. On the petitioner's refilling on March 1, 2004, the respondent took the petitioner's money when he believed the petitioner was ineligible to apply and knowing the application would be denied.

## CONCLUSION

**WHEREFORE,** petitioner requests:

1. Review and reversal of respondent's findings of fact and order denying petitioners eligibility for naturalization on the grounds that he lacks good moral character and was ineligible to apply for naturalization.

2. A declaration that respondent effectively waived any bar causing the petitioner to be ineligible to apply for naturalization prior to July 14, 2004 and that petitioner did not provide false and misleading testimony on his March 1, 2004 application or during the July 27, 2004 interview, and that therefore the petitioner was eligible for naturalization, which should have been granted under petitioners application filed March 1, 2005, pursuant to INA § 335.

3. Such other and further relief as the court deems just and proper.

Dated: 22 Mar 07

                                Law Office of Regina Y. Kane
                                1717 K Street, NW Suite 600
                                Washington, D.C. 20036
                                202 349-3971

By: _____
Counsel for Petitioner Bertin N. Noutchang

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Bertin N. Noutchang

## DEFENDANTS
Michael Chertoff; Emilio Gonzalez; Richard Caterisano

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Regina Y. Kane
1717 K Street, NW Suite 600
Washington, D.C. 20036

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00576
Assigned To : Lamberth, Royce C.
Assign. Date : 3/23/2007
Description: NOUTCHANG v. CHERTOFF

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ● C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title 8 CFR section 336.9 Petitioner requests the court for a review of the adverse decision of respondent on petitioner's application for naturalization.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 22 Mar 07    SIGNATURE OF ATTORNEY OF RECORD _Regina J. Keene_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

JTC

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

RECEIVED
MAR 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT