# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BERTIN N. NOUTCHANG, | ) ) ) | No. 1:07cv00576 (RCL) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| MICHAEL CHERTOFF, Secretary, United States Department of Homeland Security, et al., | ) ) ) ) |  |
| Defendants. | ) ) ) |  |

## MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendants Michael Chertoff, Secretary, Department of Homeland Security, et al., through undersigned counsel, respectfully move pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a) to dismiss this action for improper venue or to transfer it to the District of Maryland. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum. A proposed order is submitted herewith.

Dated: June 18, 2007        Respectfully submitted,

                                                /s/
                                   JEFFREY A. TAYLOR, D.C. BAR # 498610
                                   United States Attorney

                                                /s/
                                   RUDOLPH CONTRERAS, D.C. BAR # 434122
                                   Assistant United States Attorney

        /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Kimberly Clemsen
Associate Regional Counsel
United States Citizenship and Immigration Services

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BERTIN N. NOUTCHANG, | ) |
| | ) No. 1:07cv00576 (RCL) |
| Plaintiff, | ) |
| v. | ) |
| MICHAEL CHERTOFF, Secretary, | ) |
| United States Department of Homeland Security, | ) |
| et al., | ) |
| Defendants. | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

### BACKGROUND

Plaintiff Bertin N. Noutchang seeks review of a November 21, 2005 order affirming the denial of a naturalization application that Noutchang filed March 21, 2004. The Baltimore District Office of United States Citizenship and Immigration Services ("USCIS") denied the application in a October 14, 2004 decision, on the grounds that Mr. Noutchang lacked good moral character, and had filed his application approximately four months before he was eligible to re-apply for naturalization.[1] See Compl. at 3. Mr. Noutchang requested a hearing on that decision, and a hearing was held January 31, 2005. See id. at 3-4. On November 21, 2005, a USCIS immigration officer for the Baltimore District Office affirmed the denial of Mr. Noutchang's naturalization application. See id. at 4. Thereafter, Mr. Noutchang filed a complaint in this Court, which was dismissed without prejudice due to defects in service. See id.

---

[1] Plaintiff had filed a prior naturalization application, which was denied for lack of good moral character on July 14, 1999.

at 2.  Mr. Noutchang initiated this action on March 23, 2007.

## ARGUMENT

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not the proper venue for plaintiff's suit.  When reviewing a Rule 12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. Dept. of Energy, 231 F.Supp.2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003).  Nonetheless, plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum.  See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue.  2215 Fifth St. Assocs. v. U-Haul Int'l, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

Mr. Noutchang initiated this suit in the wrong forum.  Under the Immigration and Nationality Act ("INA"), judicial review of an adverse decision on a naturalization application may be had only in the "United States district court for the district in which [the applicant] resides."  8 U.S.C. § 1421(c); see also 8 C.F.R. § 336.9(b) (requiring applicants to "file a petition for review in the United States District Court having jurisdiction over his or her place of residence").  Accordingly, only applicants who reside in the District of Columbia may seek review of a denial in this Court.  Mr. Noutchang resides in Silver Spring, Maryland, and should have brought this action in the United States District Court for the District of Maryland.  See Compl. at 1 (listing Maryland address in caption).

Plaintiff's reliance on the venue criteria of 28 U.S.C. § 1391 is misplaced.  See Compl. ¶ 2.  Section 1391(e) is a general venue statute, and does not trump more specific venue provisions that limit the forums in which certain claims may be brought.  See 28 U.S.C. § 1391(e) (applying "except as otherwise provided by law").  Here, the INA's special venue provision controls, and requires dismissal of plaintiff's claims.

In the alternative, the Court should transfer this case to the United States District Court for the District of Maryland.  28 U.S.C. § 1406(a) permits courts to transfer a case to a district in which venue is proper, if the court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it.  28 U.S.C. § 1406(a); see id. § 1404(a); Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006).  As discussed above, the United States District Court for the District of Maryland is the only court in which venue is proper.  Accordingly, if the Court does not dismiss plaintiff's complaint, it should transfer the case to the District of Maryland.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be DISMISSED or, in the alternative, TRANSFERRED to the United States District Court for the District of Maryland.

Date: June 18, 2007                    Respectfully submitted,


          /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


          /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


     /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**
Kimberly Clemsen
Associate Regional Counsel
United States Citizenship and Immigration Services

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of June, 2007, I caused the foregoing Motion to be filed and served *via* the Court's ECF system or, should I receive notice from the Court that electronic service failed, to be served upon plaintiff by first class mail, postage prepaid, addressed to:

Regina Y. Kane
1717 K Street NW, Suite 600
Washington, D.C. 20036

                                                      /s/ Robin M. Meriweather
                                     Robin M. Meriweather, DC Bar # 490114

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BERTIN N. NOUTCHANG, | ) | |
|  | ) | No. 1:07cv00576 (RCL) |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| MICHAEL CHERTOFF, Secretary, | ) | |
| United States Department of Homeland Security, | ) | |
| et al., | ) | |
|  | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of Defendants' Motion to Dismiss or Transfer For Improper Venue, it is this _____ day of _____ 2007,

ORDERED that Defendants' Motion to Dismiss or Transfer For Improper Venue be and is hereby GRANTED;

_____ it is further ORDERED that the above-captioned action be and is hereby DISMISSED for improper venue;

_____ it is further ORDERED that the above-captioned action be and is hereby TRANSFERRED to the District of Maryland;

SO ORDERED.

_____
United States District Judge